RYAN L. DENNETT, ESQ.
Nevada Bar No. 005617
rdennett@dennettwinspear.com
JEFFREY L. GALLIHER, ESQ.
Nevada Bar No. 008078
jgalliher@dennettwinspear.com
**DENNETT WINSPEAR, LLP**
3301 N. Buffalo Drive, Suite 195
Las Vegas, Nevada 89129
Telephone:   (702) 839-1100
Facsimile:   (702) 839-1113
*Attorneys for Defendant,*
*STATE FARM MUTUAL AUTOMOBILE*
*INSURANCE COMPANY*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPHINE A. KISSEL,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; DOES I-X, and ROE CORPORATIONS I-X, inclusive,<br><br>　　　　　　　　　Defendant. | Case No: 2:14-cv-2170-LDG-CWH<br><br>**STIPULATION AND ORDER REGARDING CONFIDENTIALITY AGREEMENT** |

　　　　PLAINTIFF, JOSEPHINE A. KISSEL, by and through her counsel of record, Elaine H. Marzola, Esq., of the RICHARD HARRIS LAW FIRM; and DEFENDANT, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (hereinafter "STATE FARM INSURANCE"), by and through its counsel of record, Ryan L. Dennett, Esq. of the law firm of DENNETT WINSPEAR, LLP, hereby enter into the following STIPULATION AND ORDER REGARDING CONFIDENTIALITY AGREEMENT:

　　　　WHEREAS PLAINTIFF has filed the above-identified suit against DEFENDANT, STATE FARM INSURANCE;

///

///

///

1  WHEREAS STATE FARM INSURANCE was served with Plaintiff's request for production of documents at the LR-26 Meet and Confer Meeting and anticipates that STATE FARM INSURANCE may be served with additional requests for documents in connection with the instant suit;

WHEREAS STATE FARM INSURANCE has asserted a privilege and will continue to assert a privilege, that the materials to be disclosed and sought by PLAINTIFF are of a confidential or proprietary nature and constitute a trade secret under applicable law, and will assert such a privilege from disclosure of documents and discovery as to any current and future requests for production of documents;

WHEREAS PLAINTIFF and DEFENDANT STATE FARM INSURANCE desire to expedite and facilitate the discovery process in this litigation while protecting the business interests of STATE FARM INSURANCE to its trade secrets; and

WHEREAS PLAINTIFF and DEFENDANT STATE FARM INSURANCE agree that the easiest and most economical way to accomplish this goal is through the execution of this STIPULATION AND ORDER REGARDING CONFIDENTIALITY AGREEMENT.

IT IS THEREFORE AGREED as follows:

1. Documents that will be produced by STATE FARM INSURANCE and designated as "Confidential" as provided pursuant to this STIPULATION AND ORDER REGARDING CONFIDENTIALITY AGREEMENT are claimed by STATE FARM INSURANCE to be of a confidential or proprietary nature by STATE FARM INSURANCE at or about the time of the incident or transactions at issue in this litigation or at some time later. The purpose of this STIPULATION AND ORDER REGARDING CONFIDENTIALITY AGREEMENT is to protect the confidentiality of these documents.

2. Documents and information produced in this case by STATE FARM INSURANCE shall be protected from inappropriate disclosure in accordance with the following terms and conditions:

a. STATE FARM INSURANCE may, in good faith, designate documents or discovery information "confidential" including, but not limited to:

   i. All documents and/or information that Defendant believes to constitute or disclose trade secrets or other confidential research, development, testing, or commercial information or other information that it is entitled to keep in confidence;

   ii. Business marketing, testing, training materials, research or strategic plans relating to any materials, products, goods and/or services;

   iii. Discovery material reflecting or relating to research, testing or financial data; and/or

   iv. All documents and/or information containing or referring to internal evaluations and/or criticisms of any of STATE FARM INSURANCE products, goods, services, practices and/or procedures, as well as any claims handling materials for claims brought against STATE FARM INSURANCE.

 b. All documents produced by STATE FARM INSURANCE in this case and designated "confidential" shall be used solely for the purpose of "this action" and shall not be made available to persons other than "qualified persons" as defined in Paragraph 3. "This action" specifically refers to the pretrial proceedings and trial or settlement of the above-referenced cause of action, and no other.

3. "Qualified persons" means:

 a. A party to this action, an officer, director, employee or partner or a party of in-house counsel having direct responsibility for, working directly on, or testifying in connection with this action who has executed a Declaration in the form attached hereto as Exhibit A the executed Exhibit A shall be delivered to counsel for STATE FARM INSURANCE; and/or

 b. Counsel of record for the parties and the legal assistants and regularly employed office staff of the counsel of record for the parties; and/or

 c. A person retained by a party or its attorneys of record to assist in this action, such as independent accountants, expert witnesses, statisticians, economists, consultants or other technical experts and/or consultants, who have signed a Declaration in the form of Exhibit A hereto. Delivery of the executed Exhibit A must be provided to counsel for STATE FARM INSURANCE at the time an expert report is provided, expert disclosures are due or at the

conclusion of this case, whichever comes first; and/or

d. Court officials involved in this action, including the Court and its staff, court reporters, persons operating video recording equipment at depositions, and any Special Master appointed by the Court; and/or

e. Actual or potential deposition witnesses in this action who are assisting counsel in the prosecution or defense of this action or whom counsel must advise concerning the status of this action who have executed a Declaration in the form attached hereto as Exhibit A.

4. Unless prior written consent for further disclosure has been obtained from counsel for STATE FARM INSURANCE or permission for such disclosure has been given by the Court, each qualified person identified in Paragraphs 3(a), (c), and (e) above, as well as counsel for third-party witnesses, to whom delivery, exhibition or disclosure of any materials designed as confidential is made, shall be provided with a copy of this STIPULATION AND ORDER REGARDING CONFIDENTIALITY AGREEMENT.

5. "Confidential" documents and other discovery materials shall include all originals and copies of any document and/or information that STATE FARM INSURANCE has designated as such by stamping the cover or other page or by stamping a blank sheet affixed to the cover or other page with the word "CONFIDENTIAL" or in any other reasonable manner appropriate to the form in which the confidential information is made available to the qualified persons as defined in Paragraph 3. In lieu of stamping the originals of documents, STATE FARM INSURANCE may stamp copies that are produced or exchanged, or indicate in some appropriate fashion that the documents are confidential under this STIPULATION AND ORDER REGARDING CONFIDENTIALITY AGREEMENT. Notwithstanding the foregoing, documents or other discovery materials produced and not so designated through mistake, an inadvertence, or for any other reason shall likewise be deemed confidential if later designated.

6. In the event that a "qualified person" ceases to engage in the preparation for trial or trial of this proceeding, access by such person to confidential documents and other discovery materials of STATE FARM INSURANCE shall be terminated. However, the provisions of this STIPULATION AND ORDER REGARDING CONFIDENTIALITY AGREEMENT shall remain in

4

full force and effect as to all persons who have obtained access to such documents or other discovery materials of STATE FARM INSURANCE designated for protection hereunder in perpetuity.

7. Counsel for the parties shall maintain a list of the names of all persons, including all experts, expected to testify at trial, who inspect or view confidential documents and *other discovery information* or who receive any copies of such confidential documents or discovery information and shall make such a list available to STATE FARM INSURANCE at the conclusion of this litigation.

8. This STIPULATION AND ORDER REGARDING CONFIDENTIALITY AGREEMENT initially protects from disclosure all documents that the producing party designates in good faith as "confidential". Upon delivery of any document or other information so designated, another party may, within 20 days of delivery of the document or other information, send a letter to the producing party challenging any such designations by indicating by bates number ranges or other sufficient identifying information precisely which documents the challenging party asserts are not in fact "confidential". The parties shall confer in good faith in an attempt to informally resolve the dispute. If such attempt is unsuccessful, the party disputing the "confidential" designation of the document(s), shall file a motion for a protective order regarding any designations in question, enclosing, where appropriate, the documents challenged for in camera review. The opposing party shall oppose the Motion per FRCP. Movant shall apply, if necessary, and submit the motion. Upon stipulation approved by the court, the parties may expedite briefing. The documents challenged hereunder retain their status as "confidential information" hereunder unless or until the court order that they be released from such status.

9. Documents initially designated as "confidential" by either party are solely to be used within the confines of this litigation.

10. Nothing contained herein shall prevent disclosure beyond the terms of this STIPULATION AND ORDER REGARDING CONFIDENTIALITY AGREEMENT if STATE FARM INSURANCE consents in writing to such disclosure; or if the Court, after notice to all affected persons, allows such disclosure; or if the party to whom confidential information has been

1 produced thereafter becomes obligated to disclose the information in response to a lawful
2 subpoena, PROVIDED THAT the subpoenaed party gives prompt written notice to counsel for
3 STATE FARM INSURANCE and permits STATE FARM INSURANCE's counsel sufficient time to
4 intervene and seek appropriate relief in the action in which the subpoena was issued.
5     11. Nothing in this STIPULATION AND ORDER REGARDING CONFIDENTIALITY
6 AGREEMENT, nor any action taken in compliance with it, shall:
7     a. Operate as an admission by STATE FARM INSURANCE that any particular
8 document, or discovery material, deposition transcript, or discovery response is or is not
9 confidential; or
10     b. Prejudice in any way the right of any party to seek a determination by the Court
11 whether particular documents or other information should or should not be disclosed or if
12 disclosed whether it should remain subject to the terms of this STIPULATION AND ORDER
13 REGARDING CONFIDENTIALITY AGREEMENT.
14     Any party may request the Court to modify or otherwise grant relief from any provision of
15 this STIPULATION AND ORDER REGARDING CONFIDENTIALITY AGREEMENT.
16     12. Nothing in this STIPULATION AND ORDER REGARDING CONFIDENTIALITY
17 AGREEMENT shall be deemed to impair STATE FARM INSURANCE's right to object to the
18 production of documents or information on any ground, or to assert that the documents or
19 information sought are privileged or otherwise protected from disclosure or to demand more
20 stringent restrictions for the treatment or disclosure of any documents or discovery information
21 on any ground that may be warranted by the circumstances of a particular document request.
22     13. Nothing in this STIPULATION AND ORDER REGARDING CONFIDENTIALITY
23 AGREEMENT shall bar or otherwise restrict any attorney herein from rendering advice to his or
24 her client with respect to this case.
25     14. The parties and their attorneys, and any "qualified persons" who receive
26 confidential information subject to this STIPULATION AND ORDER REGARDING
27 CONFIDENTIALITY AGREEMENT, who intentionally, knowingly, or otherwise violate the terms
28 of this STIPULATION AND ORDER REGARDING CONFIDENTIALITY AGREEMENT shall be

1  jointly and severally liable to STATE FARM INSURANCE for all damages arising therefrom and
2  STATE FARM INSURANCE may pursue any and all civil remedies available to it for breach of
3  the terms of this STIPULATION AND ORDER REGARDING CONFIDENTIALITY AGREEMENT.

4  15. This STIPULATION AND ORDER REGARDING CONFIDENTIALITY
5  AGREEMENT may be modified by executing a revised stipulation and order among all parties,
6  approved by the Court or by application by noticed motion.

7  16. Nothing in this STIPULATION AND ORDER REGARDING CONFIDENTIALITY
8  AGREEMENT shall be construed as a waiver of any rights by any party with respect to matters
9  not specifically provided for herein.

10  17. Unless otherwise permitted by statute, rule or prior court order, papers filed with
11  the court under seal shall be accompanied by a contemporaneous motion for leave to file those
12  documents under seal, and shall be filed consistent with the court's electronic filing procedures in
13  accordance with Local Rule 10-5(b). Notwithstanding any agreement among the parties, the
14  party seeking to file a paper under seal bears the burden of overcoming the presumption in favor
15  of public access to papers filed in court. *Kamakana v. City and County of Honolulu*, 447 F.2d
16  1172 (9th Cir. 2006).

DATED this 6th day of May, 2015.                DATED this 13 day of May, 2015.

RICHARD HARRIS LAW FIRM                         DENNETT WINSPEAR, LLP

By_____                       By_____
ELAINE H. MARZOLA, ESQ.                         RYAN L. DENNETT, ESQ.
Nevada Bar 12442                                Nevada Bar No. 005617
801 South Fourth Street                         3301 N. Buffalo Drive, Suite 195
Las Vegas, Nevada 89101                         Las Vegas, Nevada 89129
Telephone: (702) 444-4444                       Telephone: (702) 839-1100
Facsimile: (702) 444-4455                       Facsimile: (702) 839-1113
**Attorneys for Plaintiff**                     **Attorneys for Defendants**
**JOSEPHINE A. KISSEL**                         ***STATE FARM MUTUAL AUTOMOBILE***
                                                ***INSURANCE COMPANY***

**ORDER**

Good cause appearing therefore, IT IS SO ORDERED.

DATED this 19th day of May, 2015.

_____
UNITED STATES MAGISTRATE JUDGE

Submitted by:

**DENNETT WINSPEAR, LLP**

By_____
RYAN L. DENNETT, ESQ.
Nevada Bar No. 005617
3301 N. Buffalo Drive, #195
Las Vegas, Nevada 89129
**Attorneys for Defendants**
***STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY***

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO ABIDE BY STIPULATION AND ORDER REGARDING CONFIDENTIALITY AGREEMENT

THE UNDERSIGNED HEREBY UNDERSTANDS AND ACKNOWLEDGES that he or she has read the Stipulation and Order Regarding Confidentiality Agreement filed in this action on _____, 2015. The Undersigned hereby acknowledges that a Stipulation and Order Regarding Confidentiality Agreement in the case of *JOSEPHINE A. KISSEL v State Farm Mutual Automobile Insurance Company, et al.*, was filed in the United States District Court Southern District for the District of Nevada and entitled "STIPULATION AND ORDER REGARDING CONFIDENTIALITY AGREEMENT."

The Undersigned agrees to be bound by the terms of the above-mentioned *Stipulation and Order Regarding Confidentiality Agreement* in the same manner as the parties to the Stipulation and Order and their respective attorneys. The Undersigned agrees to provide Ryan L. Dennett, Esq., attorney for Defendant STATE FARM INSURANCE, with written notice of any document sharing as well as a list of any recipients of shared documents. The Undersigned also agrees, as provided in the Stipulation and Order Regarding Confidentiality Agreement, to submit to the jurisdiction of the United States District Court Southern District for the District of Nevada for any proceedings related to any violation or threatened violation of this Order.

Dated: _____

_____
Litigant

_____
Litigant

_____
Litigant

_____
Attorney